IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SARAH PARKER, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No. 2:07cv1129-SRW |
| | * | |
| CITY OF FORT DEPOSIT, ALABAMA, | * | **JURY TRIAL DEMANDED** |
| OFFICER BEN TURNER, | * | |
| Defendants. | * | |

## COMPLAINT

COMES NOW Plaintiff, by and through her attorney of record, and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and the doctrine of supplemental jurisdiction to obtain declaratory relief and compensatory and punitive damages. Defendants violated Plaintiff's rights as guaranteed by the Constitution of the United States, by Federal law, and by the laws and Constitution of 1901 of the State of Alabama.

2. The violations of Plaintiff's rights as alleged herein occurred in Lowndes County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama.

## PARTIES

3. Plaintiff Sarah Parker (hereinafter, "Ms. Parker" or "Plaintiff") is over the age of 19 years, and is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Lowndes County, Alabama.

4. Defendant City of Fort Deposit, Alabama (hereinafter, "City"), is a municipal corporation located in whole or in part in Lowndes County, Alabama.

5. Defendant Officer Ben Turner (hereinafter, "Turner"), a better denomination of whom is presently unknown to Plaintiffs, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the City and is a person whose conduct proximately and directly harmed Plaintiff.

## NATURE OF PROCEEDINGS

6. This is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the parties, each to the other, and for compensatory and punitive damages for Plaintiff's suffering as a consequence of the wrongs alleged herein.

## FACTS

7. Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

8. Turner is the Chief of Police of the town of Fort Deposit and, as such, is the policymaker with regard to police policies, procedures, rules, and customs of the City.

9. With respect to the acts herein complained of, Turner was the ultimate policymaker for the City in that his decisions were not – and could not have been – subject to meaningful review.

10. In or about March 8, 2006, without warrant, probable cause, consent, or justification of any sort, Turner, acting within the line and scope of his duties, and pursuant to the policy of the City, but beyond his lawful authority, entered upon the property lawfully occupied by Plaintiff.

11. Turner gained entry to Plaintiff's property by the expedient of driving his vehicle onto her land.

12. Once on her property, Turner drove his vehicle past Plaintiff's house and stopped where her vehicle, a white, 2002 Dodge pickup truck, was parked.

13. Turner then proceeded to write down certain information about the vehicle, the details of which are unknown to Plaintiff.

14. When Plaintiff approached Turner to inquire about his business upon her land, Turner told her that a vehicle similar to hers had been observed traveling at a high rate of speed through the town of Fort Deposit that morning.

15. Plaintiff's property is not in Fort Deposit but in the town of Letohatchee.

16. Plaintiff's vehicle had not been off her property that morning.

17. Turner called for a tow truck to tow Plaintiff's vehicle away.

18. At Turner's direction, a tow truck from Randy's Wrecker Service arrived to tow Plaintiff's vehicle to an impound lot in Fort Deposit and did tow it to that lot.

19. Plaintiff was not arrested, nor did she receive a traffic citation.

20. Plaintiff's vehicle was impounded from March 8th until March 11th.

21. Ultimately, Plaintiff was advised by the wrecker service that she could retrieve her vehicle upon payment of towing, labor, and mileage charges, which totaled $185.00

22. Upon retrieving her vehicle, Plaintiff discovered that the vehicle had been damaged by the towing process. What had been a four-wheel-drive truck had become a three-wheel-drive truck.

23. Plaintiff received a preliminary estimate to repair the damage, which estimate was $1,800.00.

24. The actions of the defendants were outrageous and undertaken in direct violation of Plaintiff's rights to be free from unreasonable searches and seizures and to due process.

25. Plaintiff was deprived of her personal property by virtue of the seizure of the vehicle. She suffered damage to her vehicle. She has suffered economic loss, severe emotional distress and mental anguish.

26. There existed no writ or warrant that would have colorably justified the invasion by the defendants.

27. There existed no writ or warrant that would have colorably justified the seizure of Plaintiff's private property.

28. There existed no search warrant that would have permitted entry into the private lands of an innocent party for the purpose of confiscating and appropriating her personal property.

29. There existed no probable cause that would have colorably justified the invasion by the defendants or the seizure of Plaintiff's personal property.

30. There existed no exigent circumstances that would have colorably justified the invasion by the defendants or the seizure of Plaintiff's personal property.

31. Plaintiff herself was suspected of no crime.

32. Plaintiff complained to the Mayor of the City about Turner's conduct and sought the return of her property. She was told by the Mayor that he would not interfere in the actions of his Police Chief.

33. Plaintiff was never compensated for the reasonable rental value of her private property or for the value of the damage caused to her personal property.

34. It was clearly established in the law at the time of the seizure of Plaintiff's vehicle that the Fourth Amendment to the United States Constitution prohibits seizure of personal property without a warrant.

35. No State law permits the seizure of a vehicle for either the crime of speeding or the crime of attempting to elude police, neither of which Plaintiff committed in any event.

36. Any reasonable law enforcement officer knows or should know that the warrantless seizure of property absent exigent circumstances is violative of Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

37. Any reasonable law enforcement officer knows or should know that taking Plaintiff's personal property without due process and without just compensation is violative of Plaintiff's rights under the Fifth and Fourteenth Amendments to the United States Constitution.

38. All of the acts complained of hereinabove were undertaken under color of state law and pursuant to the policies, procedures and customs of the City.

## CAUSES OF ACTION

39. As to each of the counts herein below set forth, Plaintiff expressly adopts as if fully set forth herein the allegations of the foregoing paragraphs.

## COUNT I – UNLAWFUL SEARCH AND SEIZURE – FOURTH AMENDMENT

40. At all times material hereto, Turner was acting as a municipal and state law enforcement officers pursuant to State statute and the ordinances, customs, and policies of the City.

41. Plaintiff had a protectible interest in her freedom from unreasonable warrantless entry upon her lands and property. She further had a right under the Fourth Amendment to the United States Constitution to be secure in her person, house, papers, and effects against unreasonable searches and seizures.

42. The aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

43. Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

44. Turner entered upon Plaintiff's lands without a warrant, without probable cause, and without consent, in violation of the Fourth Amendment to the United States Constitution.

45. Plaintiff was deprived of her lawful property for a period of time, was left without transportation, was caused to expend money to retrieve her property, was inconvenienced, and was caused to suffer casualty damage to her property. Plaintiff has suffered great emotional distress and mental anguish.

## COUNT II – DENIAL OF DUE PROCESS – FOURTEENTH AMENDMENT

46. Plaintiff had a liberty and/or property right under the Fourteenth Amendment to the United States Constitution to the peaceful enjoyment of her property, and to procedural and substantive due process prior to any infringement upon that right.

47. The aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

48. Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

49. Turner entered upon Plaintiff's lands without a warrant, without probable cause, and without consent, in violation of the Fourth Amendment to the United States Constitution.

50. Turner undertook his wrongful conduct in violation of Plaintiff's rights to due process in derogation of her property interest in peaceful enjoyment of her chattels under the Fourteenth Amendment to the United States Constitution.

51. Plaintiff's rights under the Fourth and Fourteenth Amendments were thus impermissibly abridged and violated by the unlawful seizure of her property.

52. Plaintiff has been damaged thereby as set forth hereinabove.

## COUNT III – UNLAWFUL TAKING

53. Turner seized and carried away a vehicle belonging to Plaintiff without a warrant and without probable cause to believe it was contraband, fruit or instrumentality of a crime, or otherwise unlawfully possessed by Plaintiff.

54. Turner seized and carried away the aforementioned item under color of law but without warrant or official justification.

55. At the time of the conduct complained of it was clearly established in the law that a state actor cannot seize or condemn private property without due process.

56. Every reasonable law enforcement officer knows that it is a violation of Plaintiff's rights under the Fifth and/or Fourteenth Amendments to the United States Constitution for a state actor to seize or condemn private property without due process.

57. No due process was accorded to Plaintiff prior to the seizure and/or condemnation of her personal property.

58. Plaintiff has been damaged thereby.

## COUNT IV – MUNICIPAL LIABILITY

59. Turner was the ultimate policymaker for the City with regard to police policies, procedures, rules and customs. He was specifically the ultimate policymaker with respect to the particular acts complained of hereinabove.

60. Turner's conduct in this case constitutes execution of a municipal policy, procedure, rule, or custom.

61. Turner's decisions in this case created an unconstitutional violation of Plaintiff's rights within the meaning of *McKusick v. City of Melbourne*, 96 F.3d 478, 484 (11th Cir. 1996) and *Cooper v. Dillon*, 403 F.3d 1208, 1221-1223 (11th Cir. 2005).

62. Turner's decisions in this case were not subject to "meaningful administrative review" within the meaning of *Scala v. City of Winter Park*, 116 F.3d 1396, 1401 (11th Cir. 1997).

63. The City is liable to Plaintiff for the conduct of its policymaker, Turner.

64. The aforesaid conduct proximately caused damage to Plaintiff in that it caused her to suffer money damages, property damage, inconvenience, embarrassment, humiliation, extreme mental anguish and severe emotional distress.

## COUNT V – TRESPASS (STATE LAW)

65. At the time and on the date at issue, Plaintiff had an unquestioned right to the quiet enjoyment of her property, the same being both realty and personalty.

66. The property at issue was properly and lawfully held and occupied by Plaintiff.

67. Turner entered upon the lands held and occupied by Plaintiff without consent or lawful process.

68. Turner's entry upon Plaintiff's lands and trespass to her lands and chattels interfered with her right to quiet enjoyment of her property.

69. Turner's trespass caused damage to Plaintiff as otherwise herein described.

70. In effecting their trespass, the defendants were carrying out a policy, practice, or custom of the City and were acting on behalf of the City.

71. All defendants are liable to Plaintiffs for the damages resulting from the said trespass.

## COUNT VI – CONVERSION AND/OR INTERMEDDLING WITH CHATTELS (STATE LAW)

72. At the time and on the date of the conduct complained of, Plaintiff held a valid possessory interest in the contents of vehicle at her residence.

73. Turner converted or intermeddled with Plaintiff's vehicle.

74. Turner converted Plaintiff's vehicle by towing the said property away and impounding it on the thinly-veiled pretext that it "might be" the same vehicle which sped through Fort Deposit, even though that would not constitute justification for the said seizure.

75. Turner is liable over to Plaintiff for all harm and damages caused to real and personal property through the conduct complained of herein.

## PRAYER FOR RELIEF

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff prays for relief as follows:

a) Enter a declaratory judgment that the policies and practices complained of herein are unlawful and violative of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, as addressed by and through 42 USC.A §§ 1983 and the common law of Alabama;

b) Grant Compensatory damages in favor of Ms. Parker as against all defendants of $100,000;

c) Grant Punitive damages to Ms. Parker against all defendants in the amount of $100,000;

d) Grant Ms. Parker the cost of this action including reasonable attorneys' fees;

e) Grant Ms. Parker such other, further and different relief as this Court may deem just and proper, including all equitable relief, the awarding of which is within the jurisdiction of the Court.

RESPECTFULLY SUBMITTED on this the 27 day of December, 2007.

JAY LEWIS (LEW031)
Plaintiff's Attorney

LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)

**PLAINTIFF DEMANDS TRIAL BY JURY**

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602002438
Cashier ID: khaynes
Transaction Date: 12/27/2007
Payer Name: JAY LEWIS
-----------------------------------------
CIVIL FILING FEE
 For: JAY LEWIS
 Case/Party: D-ALM-2-07-CV-001129-001
 Amount:         $350.00
-----------------------------------------
CHECK
 Check/Money Order Num: 6004
 Amt Tendered:  $350.00
-----------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00
```