## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| SARAH PARKER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No. 2:07-CV-1129-SRW |
| | * | |
| CITY OF FORT DEPOSIT, ALABAMA, | * | |
| OFFICER BEN TURNER, | * | |
| | * | |
| Defendants. | * | |

## ANSWER

COME NOW, the Defendants, City of Fort Deposit, Alabama, and Officer Ben Turner, and state the following as their answer to Plaintiff's complaint.

## JURISDICTION AND VENUE

1.  These Defendants admit that the United States District Court for the Middle District of Alabama, Northern Division, has jurisdiction to adjudicate this matter. Further, these Defendants admit that venue is proper in the Northern Division of the Middle District of Alabama. These Defendants deny the remainder of paragraph 1 of Plaintiff's complaint and demand strict proof thereof.

2.  These Defendants admit that all actions were performed in the Northern Division of the Middle District of the State of Alabama. These Defendants deny the remainder of paragraph 2 and demand strict proof thereof.

## PARTIES

3.  Admit.

4.  Admit.

5. These Defendants admit that Ben Turner is a natural person over the age of 19 years and at all material times hereto was an employee, officer or agent of the City of Fort Deposit. These Defendants deny the remainder of paragraph 5 of Plaintiff's complaint and demand strict proof thereof.

## NATURE OF PROCEEDINGS

6. No answer is required of these Defendants as to paragraph 6 of Plaintiff's complaint.

## FACTS

7. No answer is required of these Defendants as to paragraph 7 of Plaintiff's complaint.

8. These Defendants admit that Ben Turner is the Chief of Police in the City of Fort Deposit. These Defendants deny that he is the policymaker of the town of Fort Deposit. These Defendants state that the City Council for the town of Fort Deposit is the ultimate policymaker.

9. These Defendants deny paragraph 9 of Plaintiff's complaint and demand strict proof thereof.

10. These Defendants deny paragraph 10 of Plaintiff's complaint and demand strict proof thereof.

11. These Defendants deny paragraph 11 of Plaintiff's complaint and demand strict proof thereof.

12. These Defendants deny paragraph 12 of Plaintiff's complaint and demand strict proof thereof.

13. These Defendants deny paragraph 13 of Plaintiff's complaint and demand strict proof

thereof.

14. These Defendants deny paragraph 14 of Plaintiff's complaint and demand strict proof thereof.

15. Admit.

16. These Defendants deny paragraph 16 of Plaintiff's complaint and demand strict proof thereof.

17. Admit.

18. Admit.

19. Admit.

20. Admit.

21. These Defendants have insufficient information to admit or deny paragraph 21 of Plaintiff's complaint.

22. These Defendants deny paragraph 22 of Plaintiff's complaint and demand strict proof thereof.

23. These Defendants deny paragraph 23 of Plaintiff's complaint and demand strict proof thereof.

24. These Defendants deny paragraph 24 of Plaintiff's complaint and demand strict proof thereof.

25. These Defendants deny paragraph 25 of Plaintiff's complaint and demand strict proof thereof.

26. These Defendants deny paragraph 26 of Plaintiff's complaint and demand strict proof

thereof.

27. These Defendants deny paragraph 27 of Plaintiff's complaint and demand strict proof thereof.

28. These Defendants deny paragraph 28 of Plaintiff's complaint and demand strict proof thereof.

29. These Defendants deny paragraph 29 of Plaintiff's complaint and demand strict proof thereof.

30. These Defendants deny paragraph 30 of Plaintiff's complaint and demand strict proof thereof.

31. Admit.

32. These Defendants deny paragraph 32 of Plaintiff's complaint and demand strict proof thereof.

33. These Defendants deny paragraph 33 of Plaintiff's complaint and demand strict proof thereof.

34. These Defendants deny paragraph 34 of Plaintiff's complaint and demand strict proof thereof.

35. These Defendants deny paragraph 35 of Plaintiff's complaint and demand strict proof thereof.

36. These Defendants deny paragraph 36 of Plaintiff's complaint and demand strict proof thereof.

37. These Defendants deny paragraph 37 of Plaintiff's complaint and demand strict proof thereof.

38. These Defendants admit that all actions were taken under the color of state law and pursuant to the policies, procedures and customs of the City of Fort Deposit.

## CAUSES OF ACTION

39. No answer is required of these Defendants as to paragraph 39 of Plaintiff's complaint.

### COUNT I - UNLAWFUL SEARCH AND SEIZURE - FORTH AMENDMENT

40. Admit.

41. These Defendants admit that Plaintiff has Fourth Amendment Rights and that she has protectible interest in her freedom. These Defendants deny any and all liability alleged in paragraph 41 of Plaintiff's complaint.

42. Admit.

43. These Defendants deny paragraph 43 of Plaintiff's complaint and demand strict proof thereof.

44. These Defendants deny paragraph 44 of Plaintiff's complaint and demand strict proof thereof.

45. These Defendants deny paragraph 45 of Plaintiff's complaint and demand strict proof thereof.

### COUNT II - DENIAL OF DUE PROCESS - FOURTEENTH AMENDMENT

46. These Defendants admit that Plaintiff had a liberty and/or property right under the Fourteenth Amendment of the United States Constitution. These Defendants deny any and all liability alleged in paragraph 46 of Plaintiff's complaint.

47. Admit.

48. These Defendants deny paragraph 48 of Plaintiff's complaint and demand strict proof thereof.

49. These Defendants deny paragraph 49 of Plaintiff's complaint and demand strict proof thereof.

50. These Defendants deny paragraph 50 of Plaintiff's complaint and demand strict proof thereof.

51. These Defendants deny paragraph 51 of Plaintiff's complaint and demand strict proof thereof.

52. These Defendants deny paragraph 52 of Plaintiff's complaint and demand strict proof thereof.

### COUNT III - UNLAWFUL TAKING

53. These Defendants deny paragraph 53 of Plaintiff's complaint and demand strict proof thereof.

54. These Defendants deny paragraph 54 of Plaintiff's complaint and demand strict proof thereof.

55. These Defendants admit paragraph 55 of Plaintiff's complaint.

56. These Defendants deny paragraph 56 of Plaintiff's complaint and demand strict proof thereof.

57. These Defendants deny paragraph 57 of Plaintiff's complaint and demand strict proof thereof.

58. These Defendants deny paragraph 58 of Plaintiff's complaint and demand strict proof thereof.

## COUNT IV - MUNICIPAL LIABILITY

59. These Defendants deny paragraph 59 of Plaintiff's complaint and demand strict proof thereof.

60. These Defendants deny paragraph 60 of Plaintiff's complaint and demand strict proof thereof.

61. These Defendants deny paragraph 61 of Plaintiff's complaint and demand strict proof thereof.

62. These Defendants deny paragraph 62 of Plaintiff's complaint and demand strict proof thereof.

63. These Defendants deny paragraph 63 of Plaintiff's complaint and demand strict proof thereof.

64. These Defendants deny paragraph 64 of Plaintiff's complaint and demand strict proof thereof.

## COUNT V - TRESPASS (STATE LAW)

65. Admit.

66. These Defendants deny paragraph 66 of Plaintiff's complaint and demand strict proof thereof.

67. These Defendants deny paragraph 67 of Plaintiff's complaint and demand strict proof thereof.

68. These Defendants deny paragraph 68 of Plaintiff's complaint and demand strict proof thereof.

69. These Defendants deny paragraph 69 of Plaintiff's complaint and demand strict proof

thereof.

70. These Defendants deny paragraph 70 of Plaintiff's complaint and demand strict proof thereof.

71. These Defendants deny paragraph 71 of Plaintiff's complaint and demand strict proof thereof.

### COUNT VI - CONVERSION AND/OR INTERMEDDLING WITH CHATTELS
### (STATE LAW)

72. These Defendants deny paragraph 72 of Plaintiff's complaint and demand strict proof thereof.

73. These Defendants deny paragraph 73 of Plaintiff's complaint and demand strict proof thereof.

74. These Defendants deny paragraph 74 of Plaintiff's complaint and demand strict proof thereof.

75. These Defendants deny paragraph 75 of Plaintiff's complaint and demand strict proof thereof.

### PRAYER FOR RELIEF

These Defendants deny that Plaintiff is entitled to any items mentioned in her prayer for relief. Specifically, these Defendants state that Plaintiff is not entitled to declaratory judgment, compensatory damages, cost including attorney fees, or other further and different relief requested by Plaintiff.

### AFFIRMATIVE DEFENSES

1. These Defendants affirmatively plead arguable probable cause and probable cause

justified their actions.

2. These Defendants affirmatively plead they are entitled to immunity.

3. These Defendants affirmatively plead that Plaintiff did not comply with the statutory requirements to maintain this lawsuit.

4. These Defendants affirmatively plead that Plaintiff's claim for punitive damages is limited and barred by statute and case law.

5. These Defendants affirmatively plead that a municipality cannot form the requisite intent for intentional torts.

6. These Defendants affirmatively plead that Defendants are entitled to immunity pursuant to Alabama Code §6-5-338.

7. These Defendants affirmatively plead that they are entitled to qualified immunity.

8. These Defendants affirmatively plead intervening and superceding causation.

9. These Defendants affirmatively plead their actions were not the proximate cause of Plaintiff's alleged damages.

10. These Defendants affirmatively plead that any judgments against them are limited by statute.

11. These Defendants affirmatively plead that a policy or custom of the City of Fort Deposit is not the proximate cause of Plaintiff's alleged damages.

12. These Defendants affirmatively plead that there was probable cause to believe that the driver of the vehicle that makes the basis of Plaintiff's complaint abandoned the vehicle.

13. These Defendants affirmatively plead that Defendants had a legal right to enter into the subject property.

        /s/ Rick A. Howard
Alex L. Holtsford, Jr. (HOL048)
Rick A. Howard (HOW045)
April W. McKay (WIL304)
Attorneys for Defendants

OF COUNSEL:

Nix Holtsford Gilliland Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, Alabama 36103
(334) 215-8585
(334) 215-7101 - facsimile

## CERTIFICATE OF SERVICE

      I hereby certify that I have this day served a copy of the foregoing by placing a copy of the same in the U.S. Mail, properly addressed and postage prepaid upon:

Jay Lewis
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, Alabama 36103

on this the 22nd day of January, 2008.

                                            /s/ Rick A. Howard
                                            OF COUNSEL